**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **11-CR-151A**

**JOSEPH WHITELY,**

**Defendant.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Joseph Whitely ("the defendant"), is charged in a Superseding Indictment, along with a number of co-defendants, with having violated Title 18 U.S.C. § 1962(d) (Count 1); Title 21 U.S.C. § 846 (Count 24); and Title 18 U.S.C. §§ 924(c) and 2 (Count 25). Dkt. #87.

This Court has previously filed its Report, Recommendation and Order (Dkt. #379) with respect to defendant's motion wherein he sought to suppress statements allegedly made to agents on May 25, 2012 following his arrest. In addition, this Court has also previously filed its Report, Recommendation and Order with respect

to the defendant's motion to dismiss Count One of the Superseding Indictment. Dkt. #388. Presently pending is defendant's omnibus motion wherein he seeks: discovery under Rules 16 and 12 of the Federal Rules of Criminal Procedure; a bill of particulars; disclosure of evidence pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence; "Brady Material;" disclosure of witness statements; motion for a conspiracy hearing; disclosure of informant identity; search of personnel files of government agent witnesses; preservation of evidence; joinder and leave to make further motions. Dkt. #225. The government has filed a response in opposition to the requests of the defendant, as well as a reciprocal request for discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure. Dkt. #238.

## <u>DISCUSSION AND ANALYSIS</u>

**Discovery Under Rules 16 and 12**

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the defendant seeks, the defendant's statements; statements of co-defendants; statements of "unindicted co-conspirators;" the defendant's prior criminal record; any documents or items which are material to preparing the defense, that the government intends to use in its case-in-chief or was obtained from the defendant; the results of any physical and/or scientific examinations, tests and/or experiments; and, the identities, qualifications and summary of testimony of all expert witnesses the government intends to call as witnesses. Dkt. #225, pp.10-12. Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, the defendant seeks the following: intercepted communications;

pen-register/trap and trace; search and seizure; identification; statements; and mobile tracking devices. Dkt. #225, pp.9-10.

In its response, the government states,

> Since the date of the return of the Superseding Indictment, the United States has complied, and intends to continue to comply, with the requirements of Rule 16. To that end, the United States has provided comprehensive voluntary discovery, including surveillance reports, search warrant photos, search warrants, laboratory reports, FBI 302s relating to surveillance and arrest of the defendant and his co-defendants, Buffalo Police Department reports, New York State Police Reports, transcripts, photographs of narcotics purchases, statements of the co-defendants, redacted statements of some government witnesses, photo array identifications, numerous crime scene photos, crime scene reports, firearm reports, NIBIN ballistic reports, MYSPACE photos, audio and transcripts of jail recordings of co-defendants, search warrants and returns. Additionally, all physical evidence recovered in connection with this investigation is, and has been, available for inspection by the defendant's attorney.
>
> Certain search warrant applications were ordered sealed until further order of United States Magistrate Judge H. Kenneth Schroeder, Jr., among others. The government submits that unsealing the search warrant applications at this early juncture would be premature, is unnecessary for the defendants to prepare a defense in light of the voluminous discovery provided, and would only serve as a means to potentially place cooperating witness(es) in jeopardy of reprisal.
>
> As the government identifies any other evidence which falls within the scope of Rule 16, it will provide such evidence to defendants and their counsel. The government will continue to comply with its continuing duties to disclose set forth in Rule 16(c). Consistent with the defendant's request, (see Docket 225, p. 6), **the government herein notifies the defendant that it intends to introduce all of this evidence**

> **at trial pursuant to Rule 12(b)(4).** (Emphasis added.) Expert disclosures and expert summaries will be provided as expert witnesses who will testify at trial are identified by the government. It should be noted that a number of expert reports have already been provided.

Dkt. #238, pp.5-6. With respect to certain of the defendant's requests, specifically, those requests which the government asserts are outside the parameters of Rule 16, the government submits a separate response.

**1. Defendant's Statements**

In response to the defendant's request for the defendant's statements, the government states that it "believes it has disclosed the defendant's statements to law enforcement personnel during discovery pursuant to Fed. R. Crim. P. Rule 16(a)(1)(A)." Dkt. #238, p.6. Moreover, this Court has previously issued its Report, Recommendation and Order addressing the defendant's motion to suppress his statements. *See* Dkt. #379. Accordingly, based on the government's response and this Court's prior Report, Recommendation and Order issued following an evidentiary hearing, defendant's request for the disclosure of his statements is denied as moot.

**2. Co-Defendant and Co-Conspirator Statements**

With respect to the defendant's request for co-defendant and co-conspirator statements, the government opposes this request stating that such request is beyond the scope of the definition of defendant's statements under Rule 16(a)(1)(A)-(B) and such statements are not subject to pre-trial disclosure. Dkt. #238, p.7. Rule

801(d)(2)(E) F.R.E. does not contain a required pretrial notice and therefore, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time. The government does, however, agree that it will proffer evidence in support of the admission of out-of-court co-conspirator statements at the time designated by the trial court. As a result, defendant's request in this regard is denied.

**3. Grand Jury Transcripts**

Insofar as the defendant has joined in the motions of his co-defendants, defendant Whitely also seeks the disclosure of Grand Jury transcripts. "A review of grand jury minutes is rarely permitted without factual allegations of government misconduct." *United States v. Torres*, 901 F/2d 205, 233 (2d Cir. 1990). The defendant "has the burden of showing that the government's use of the grand jury was improper." *United States v. Salameh*, 152 F.3d 88, 109-110 (2d Cir. 1998); *see also United States v. Leung*, 40 F.3d 577 (2d Cir. 1994). As the United States Supreme Court has stated:

> We begin by reiterating that the law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority. *See United States v. Mechanik*, 475 U.S. 66, 75, 89 L.Ed. 2d 50, 106 S.Ct. 938 (1986) (O'Connor, J., concurring in judgment) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process"). *See also Hamling v. United States*, 418 U.S. 87, 139, n 23, 41 L.Ed. 2d 590, 94 S.Ct. 2887 (1974); *United States v. Johnson*, *supra*, at 512-513, 87 L Ed 1546, 63 S Ct 1233.

*United States v. R. Enterprises, Inc.*, 498 U.S. 292, 300-301 (1991). The defendant has failed to overcome the presumption of regularity applicable to grand jury proceedings and therefore, his motion seeking a review of the grand jury proceedings in this case is denied.

**4. Defendant's Prior Criminal Record**

In response to defendant's request for the disclosure of his prior record, the government, indicates that it believes a copy has been previously provided to defendant and his counsel. To the extent that it has not, the government adds that it will endeavor to provide one. Dkt. #238, p.11. Accordingly, based on the foregoing, defendant's request is denied as moot.

**5. Tangible Objects, Documents and Photographs**

With respect to the defendant's request for the disclosure of tangible objects, documents and photographs, the government states that it "believes it has provided voluntary discovery in compliance with Rule 16(a)(1)(E). Pursuant to Rule 16(a)(1)(E), the government has provided and made available, or will provide and make available, all photographs, papers, books, documents, tangible objects in the government's possession which the government intends to use at trial. To the extent that additional items are identified or provided to the government, they will be provided voluntarily." Dkt. #238, p.11. In addition, the government noted that any firearms, ammunition or other items of physical evidence are available for viewing at the U.S.

Attorney's Office. Accordingly, based on the representations made by counsel for the government, defendant's request is denied as moot.

**6. Scientific Examinations and Tests**

In response to defendant's request for scientific examination and tests and expert disclosures, the government states that it has or will disclose all materials that are discoverable under Fed. R. Crim P. 16(a)(1)(F). Indeed, the government states that it has provided forensic laboratory reports for seized controlled substances, firearms, ammunition, casings, and DNA (where applicable) and further, that it believes it has complied with Fed. R. Crim. P. Rule 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705. Dkt. #238, p.12. Accordingly, based on the representations made by counsel for the government, the defendant's request is denied as moot.

**7. Pretrial Identification Procedures**

In addition, the defendant has also sought the disclosure of pretrial identification procedures. Dkt. #225, p.9. In its response, the government states that it has and will continue to disclose information relating to pretrial identification procedures. The government further states, "[i]t should be noted that numerous redacted photo arrays have been provided during voluntary discovery related to many of the defendant's co-defendants. It should be further noted that many of the non-law enforcement witnesses against the defendants will be individuals who have known the defendant for a substantial period of time, and who have participated in the criminal

activity described in the indictment with the defendant." Dkt. #238, p.12. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**8. Consensual Recordings**

By this request the defendant seeks any intercepted communications obtained during the investigation. Dkt. #225, pp.6-8. In its response, the government states that it has provided the defendant with consensual records in the form of recorded jail conversations. Dkt. #238, p.17. Moreover, the government acknowledges that to the extent additional conversations are recorded, those will be disclosed voluntarily. *Id*. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

**Bill of Particulars**

In response to the defendant's request for a detailed bill of particulars, the government states that defendant's request for particularization should be denied because it is nothing more than an attempt by the defendant to preview the government's evidence. Indeed, the government further states, "[t]he specific allegations contained in the indictment, coupled with the voluminous discovery previously provided, more than adequately apprises the defendant of the nature of the charges pending against them [sic], thereby enabling him to prepare for trial." Dkt. #238, p.18. Finally, the government argues that the broad categories of information for

which the defendant is seeking particularization has already been provided through discovery, can be ascertained from reading the Superseding Indictment or which will be provided pursuant to the District Court's standard pretrial order requiring the government to submit a trial memorandum, witness list, expert summaries, exhibits lists and *Jencks* material. *Id*. at p.17.

The defendant's request is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Superseding Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of

> particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004); *United States v. Porter*, 2007 WL 4103679 (2d Cir. 2007).

**Disclosure Of Evidence Pursuant To Rules 404(b), 608 And 609**

In response to the defendant's request for the disclosure of 404(b) evidence, the government states, "the government preliminarily notifies the defendant that it intends to introduce at trial, pursuant to Rule 404(b), all prior criminal conduct acts or wrongs for the purpose of showing proof of a defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, and the absence of mistake or accident." Dkt. #238, pp.32-33. In addition, the government noted that it "will provide the defendants with more definitive notice of its intent to rely on 404(b) evidence when directed by the trial judge or during trial if the trial judge excuses pretrial notice on good cause shown." *Id*. at p.33. In addition, the government states, "the defendant is in possession of his criminal history, and is fully aware of his past criminal conduct. As a result, the defendant is aware of that which may fall within the ambit of Fed. R. Evid. 608(d) and 609." *Id*. at p.31.

Rule 404(b) of the Federal Rules of Evidence only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature

of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 of the Federal Rules of Evidence is best left to the determination of the trial judge at the time of trial.

Rule 608 of the Federal Rules of Evidence does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied.

**Production Of *"Brady*" And "3500" Materials**

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. Indeed, the government has stated that it is unaware of any Brady material specifically related to defendant Whitely. Dkt. #238, p.30. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is denied, but the government is hereby directed to comply with the Second

Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**Conspiracy Hearing**

Pursuant to Federal Rule of Evidence 801(d)(2)(E), by this request the defendant asks that this Court hold a "pretrial conspiracy hearing to assess the foundation for the introduction of any statements made by alleged co-conspirators which the Government will seek to introduce against the defendant at trial." Dkt. #225, p.35. Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required

pretrial notice and therefore, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time and likewise, no need for a hearing at this time. As a result, defendant's request in this regard is denied.

**Defendant's Request For An Order Compelling The Government To Reveal The Identity Of Government Informants**

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against

> the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is denied.

**Request for Search of Personnel Files of Government Agent Witnesses**

By this request, the defendant seeks an Order from this Court requiring the government to "search the personnel files and records of any government agent or police witness in this case to determine whether there exits [sic] Brady or Giglio material which must be disclosed to the defense." Dkt. #225, pp.39-40. In its response, the government states:

> [t]he defendant has requested to search the personnel files of government witnesses in search of Brady, Giglio, and impeachment material. The request should be denied. The government is aware of its obligations pursuant to Brady, Giglio, and their progeny. Additionally, the government has, in accordance with its policy, a procedure in place to review government agent files for impeachment material. In the event that an agent's file contains impeachment material, or information which is questionable, it will be submitted to the District Court for in camera review and determination.

Dkt. #238, pp.41-42. Based on the representations made by counsel for the government, with respect to its obligations to produce impeachment material, the defendant's request is denied as moot. The Court reminds counsel for the government that *Brady*, *Giglio* and their progeny dictate that the government's obligation to disclose material favorable to the accused extends to information that impeaches the credibility of the government's witnesses regardless of the witnesses' employer. Accordingly, counsel for the government is hereby directed to ensure that a proper request and review of the personnel files of all law enforcement witnesses, regardless of their

employer, is conducted and that all properly discoverable information is disclosed to the defendant in a timely fashion as provided by *Brady*, *Giglio* and their progeny.

**Motion to Preserve Evidence**

In addition to his request for the preservation of rough notes, the defendant also requests an Order from this Court directing the government to preserve and retain intact and not to destroy, alter or misplace any evidence tangible papers, reports, objects or other information relating in any way to this Indictment. Dkt. #225, p.40. The Court once again refers to the express admonition of the Court of Appeals for the Second Circuit concerning the preservation of Rule 16 or *Jencks* Act statements. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976). Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Joinder**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #225, p.43. This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests

contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to Make Further Motions**

By this request, the defendant seeks the Court's permission to submit additional motions and/or to supplement the instant motions. Dkt. #225, p.43. This request is granted provided that any additional bases for relief are based on facts or information learned by reason of the continuation of the investigation or facts and circumstances revealed in the government's response to the instant motion or this Court's Decision and Order.

**Government's Motion For Rule 16(b) Fed. R. Crim. P. Discovery**

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with Fed. R. Crim. P. 59(a).

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(1) of the Local Rules for the Western District of New York, written objections shall specifically identify the portions of the Decision and Order to which the party objects and the basis for such objection, and shall be supported by legal authority. **Failure to comply with the provisions of Local Rule 59(b)(1), may result in the District Judge's refusal to consider the objection.**

In accordance with the requirements set forth in Local Rule 59(b)(3), "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge." **Failure to comply with the provisions of Local Rule 59(b)(3), may result in the District Judge's refusal to consider the objection.**

DATED: Buffalo, New York
June 18, 2014

***s/ H. Kenneth Schroeder, Jr.***
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**